UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff<br><br>V<br><br>OZ SOLUTIONS, OREN ZIV, DANYA CEBUS CONSTRUCTION, LLC, THE HARTFORD INSURANCE, ENDURANCE AMERICAN INSURANCE COMPANY d/b/a SOMPO INTERNATIONAL, JOHN DOES 1-10 (said persons being unknown and fictitious) and ABC COMPANIES 1-10 (said entities being unknown and fictitious),<br><br>Defendants. | Case No.   1:24-1935<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Colony Insurance Company ("Colony") by and through its attorneys Methfessel & Werbel, P.C., and by way of Complaint for Declaratory Relief against the defendants Oz Solutions ("Oz"), Oren Ziv ("Ziv"), Danya Cebus Construction, LLC ("Danya Cebus"), The Hartford Insurance ("Hartford"), Endurance American Insurance Company d/b/a Sompo International ("Endurance American"), John Does 1-10 and ABC Companies 1-10, hereby alleges as follows:

## NATURE OF ACTION

1. Colony seeks a declaration pursuant to 28 U.S.C. Section 2201(a) rescinding the policies of insurance issued by it to Oz under Policy Number 103 GL 0015153-00 with a policy period of August 12, 2016 to August 12, 2017 and Policy Number 103 GL 0015153-01 with a policy period of August 12, 2017 to August 12, 2018 and finding same to be *void ab initio* to the date of inception of both policies.

2. Colony further seeks a declaration that it does not owe a defense or indemnity to the defendants Oz, Ziv, and Danya Cebus for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned <u>470 4th Avenue Fee Owner LLC v. Adam America, LLC, Danya Cebus Construction, LLC and 470 4th Avenue Investors, LLC.</u>, Index No. 656506/2018 (the "Underlying Action").

3. An actual controversy exists between Colony, Oz, Ziv, Danya Cebus, Hartford and Endurance American concerning the parties' respective rights and obligations under certain policies of insurance in connection with the Underlying Action.

## THE PARTIES

4. Colony is a Virginia corporation having its principal place of business in Illinois.

5. Upon information and belief, Oz is a New York corporation having its principal place of business in New York.

6. Upon information and belief, Ziv is a citizen and resident of New York.

7. Upon information and belief, Danya Cebus is a New York corporation having its principal place of business in New York.

8. Upon information and belief, Hartford is a Connecticut corporation having its principal place of business in Connecticut and is named as an interested party.

9. Upon information and belief, Endurance American is a Delaware corporation having its principal place of business in New York and is named as interested party.

10. John Does 1-10 and ABC Companies 1-10 are currently unknown individuals and entities who may be an interested party to this matter, including but not limited to insurance companies who are or may have an obligation to defend Oz. Ziv and Danya Cebus in the Underlying Action.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. Section 1332 because there is complete diversity of citizenship between Colony (a citizen of Virginia) and all the defendants and the amount in controversy exceeds $75,000 exclusive of costs.

12. Venue is proper in this district under 28 U.S.C. Section 1391(b)(1) because, upon information and belief, Oz and Danya Cebus are residents of the Southern District of New York, and under 28 U.S.C.

Section 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Southern District of New York.

## **BACKGROUND**

### **Insurance Policies**

13. On or about June 3, 2016, Oz signed an application for insurance ("June 2016 Application"), wherein Oz described its operations as "Debris Removal on New + Renovated Condo Clean Up Post Construction Work – Also Other [Yard] Janitorial Work on Condos".

14. Throughout the June 2016 Application, when asked what its involvement was with residential construction, Oz stated "Debris Removal After Construction" or "Debris Removal Only".

15. Further, when asked in the June 2016 Application whether any of its employees or subcontractors performed certain types of work, Oz answered "N/A – Not Performed" to various types of work including Concrete, Drilling, Excavation, and Demolition.

16. On August 12, 2016, Oz signed and dated an Acord Commercial Insurance Application ("August 2016 Application") which stated, "Description of primary operations: janitorial clean up of debris at construction sites. Removes cardboard & sheet rock left behind by contractors after the job is complete. Sweeps, dusts and vacuumms [sic] for tenant moving in."

17. Relying on the representations in the June 2016 Application and August 2016 Application, Colony issued Policy Number 103 GL 0015153-00 to Oz with a policy period of August 12, 2016 to August 12, 2017 ("2016 Policy").

18. The 2016 Policy described Oz's Business Description as "Janitorial Clean Up Service".

19. On or about August 8, 2017, Oz signed a Supplemental Application ("Supplemental 2017 Application") wherein it described its Operations as "Cleanup of debris at construction sites."

20. In the Supplemental 2017 Application, Oz further stated that its operations did not involve Demolition or Drilling.

21. On or about August 8, 2017, Oz also signed an Acord General Liability Application ("Acord 2017 Application) wherein Oz stated that its Classifications under the Schedule of Hazards included "Debris Removal construction sites" and "Janitorai [sic] clean up at construction sites". (The "June 2016 Application", "August 2016 Application", "Supplemental 2017 Application" and "Acord 2017 Application" collectively referred to as "Oz Insurance Applications").

22. Relying on the representations in the Supplemental 2017 Application and Acord 2017 Application as well as the representations in the June 2016 Application and August 2016 Application, Colony issued a renewal policy, Policy Number 103 GL 0015153-01 to Oz, with a policy period of August 12, 2017 to August 12, 2018 ("2017 Policy").

23. The 2017 Policy also described Oz's Business Description as "Janitorial Clean Up Service".

24. The 2017 Policy was cancelled effective March 22, 2018 due to Oz allegedly going out of business.

## Underlying Action

25. On or about December 31, 2018, 470 4th Avenue Fee Owner, LLC ("Owner") filed the Underlying Action asserting claims of construction defect involving the construction and sale of a 12-story mixed-use building in Brooklyn, New York ("Property"). Plaintiff filed suit against Adam America, LLC (developer), Danya Cebus (general contractor) and 470 4th Avenue Investors, LLC.

26. Danya Cebus filed several third-party actions against the various contractors retained by Danya Cebus to perform work at the Property, including Oz, seeking contractual indemnification, contribution, common-law indemnification, and breach of contract (for failure to procure insurance).

27. Both Oz and Danya Cebus tendered a request for defense and indemnification to Colony for the claims asserted by the Owner against them in the Underlying Action.

28. Colony, subject to a Reservations of Rights, agreed to afford a defense to Oz and Ziv in the Underlying Action.

29. Colony, subject to a Reservations of Rights, agreed to afford a defense to Danya Cebus in the Underlying Action.

## Discovery in the Underlying Action

30. During the course of the Underlying Action, it was discovered that Oz had contracted with Danya Cebus under a "temporary staffing agreement" to provide OSHA-certified temporary laborers to work at the Property.

31. One of the allegations in the Underlying Action was the Property suffered damage due to water infiltration relating to the installation of the packaged thru-wall air conditioners (PTACs), including: (1) improper pitching of the PTAC sleeves by the framing contractor; (2) failure to properly seal the PTAC sleeves; (3) modification of the PTAC louvers.

32. It is further alleged Danya Cebus used employees provided by Oz to cut the PTAC louvers.

33. Ziv, owner/principal of Oz, was deposed in the Underlying Action and testified that Oz employees: a) built the fence and gate around the Property; b) operated a bobcat; c) operated a jackhammer; d) cut concrete walls that were not poured in the right location; e) core drilling for the plumber who put the sleeves in the wrong location; f) and "plenty of other stuff".

34. Further, Ziv testified that it was likely Oz employees had been involved in cutting the louvers for the PTACs at the Property.

35. However, this was not the first time Oz employees had cut PTAC louvers, as Oz employees had cut PTAC louvers at previous projects.

36. Ultimately, according to Ziv, Oz employees were to do "whatever Danya Cebus asked them to do."

**Material Misrepresentation**

37. If Oz disclosed in the Oz Insurance Applications that it was a construction "employee leasing agency", Colony <u>would not</u> have issued a policy to Oz, would not have issued the same 2016 Policy and 2017 Policy to Oz, and/or would have charged a higher premium for the 2016 Policy and 2017 Policy.

38. If Oz disclosed in the Oz Insurance Applications that in addition to debris removal and janitorial cleanup, its employees operated bobcats, cut concrete, drilled into concrete, cut PTAC louvers and did whatever was asked of them, Colony <u>would not</u> have issued a policy to Oz, would not have issued the same 2016 Policy and 2017 Policy to Oz, and/or would have charged a higher premium for the 2016 Policy and 2017 Policy.

**COUNT I**

**(Rescission of 2016 Policy issued to Oz)**

39. Colony repeats and reiterates Paragraph 1-38 above as if set forth at length herein.

40. Oz signed the June 2016 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

41. Oz signed the August 2016 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

42. Thereafter, relying on the June 2016 Application and August 2016 Application, Colony issued the 2016 Policy.

43. Oz made material misrepresentations and/or failed to disclose pertinent information on its applications for the 2016 Policy that had Colony known of the facts misrepresented or undisclosed pertinent information, Colony would have refused to enter into a contract with Oz and thus, not issue the 2016 Policy, or in the alternative, charged a higher premium for the 2016 Policy or issued a different policy.

44. Colony is entitled to rescission of the 2016 policy rendering same *void ab initio*.

**WHEREFORE**, the plaintiff Colony Insurance Company demands judgment as follows:

a. Adjudicating the rights between the parties;

b. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017, issued by it to the defendant Oz Solutions *void ab initio*;

c. Declaring the Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017 issued by the plaintiff to the defendant Oz Solutions provides no coverage for claims

asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

d. Declaring plaintiff has no duty to defend or indemnify the defendant Oz Solutions and Oren Ziv in the Underlying Action and may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action;

e. Declaring plaintiff has no duty to defend or indemnify defendant Danya Cebus Construction, LLC in the Underlying Action;

f. Awarding attorney's fees and costs; and

g. Such other relief as the Court may deem equitable and just.

## COUNT II

### (Rescission of 2017 Policy issued to Oz)

45. Colony repeats and reiterates Paragraphs 1-44 above as if set forth at length herein.

46. Oz signed the Supplemental 2017 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

47. Oz signed the Acord 2017 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

48. Thereafter, relying on the Supplemental 2017 Application, the Acord 2017 Application and the prior applications signed by Oz, Colony issued the 2017 Policy to Oz.

49. Oz made material misrepresentations and/or failed to disclose pertinent information on its applications for the 2017 Policy that had Colony known of the facts misrepresented or undisclosed pertinent information, Colony would have refused to enter into a contract with Oz and thus, not issue the 2017 Policy, or in the alternative, charged a higher premium for the 2017 Policy or issued a different policy.

50. Colony is entitled to rescission of the 2017 Policy rendering same *void ab initio.*

**WHEREFORE**, the plaintiff Colony Insurance Company demands judgment as follows:

a. Adjudicating the rights between the parties;

b. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by it to the defendant Oz Solutions *void ab initio*;

c. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by the plaintiff to the defendant Oz Solutions provides no coverage for the claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

d. Declaring plaintiff has no duty to defend or indemnify defendants Oz Solutions and Oren Ziv in the matter of <u>470 4th Avenue Fee Owner v. Adam America, et al</u> and may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action;

e. Declaring plaintiff has no duty to defend or indemnify the defendant Danya Cebus Construction, LLC in the Underlying Action;

f. Awarding attorney's fees and costs; and

g. Such other relief as the Court may deem equitable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Colony Insurance Company demands judgment and respectfully requests that this Court adjudge and declare the following:

a. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017, issued to defendant Oz Solutions to be *void ab initio*;

b. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017 issued by plaintiff to defendant Oz Solutions provides no coverage for claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

c. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued to defendant Oz Solutions to be *void ab initio*;

d. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by plaintiff to defendant Oz Solutions provides no coverage for the

claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

  e. Colony Insurance Company has no duty to defend or indemnify defendants Oz Solutions and Oren Ziv in the Underlying Action and may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action;

  f. Colony Insurance Company has no duty to defend or indemnify defendant Danya Cebus Construction, LLC in the Underlying Action; and

  g. Colony Insurance Company is entitled to attorney's fees and costs; and

  h. Colony Insurance Company is entitled to such other relief as the Court may deem equitable and just.

DATED: NEW YORK, NEW YORK
     March 14, 2024

            **METHFESSEL & WERBEL, P.C.**
            Attorneys for Plaintiff Colony
            Insurance Company


            By: _/s/ Shaji M. Eapen_
            Shaji M. Eapen
            112 W. 34th St.
            17th Floor, Room 17089
            New York, New York 10120
            (212) 947-1999
            eapen@methwerb.com
            94403 SME