**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff<br><br>V<br><br>OZ SOLUTIONS, OREN ZIV, DANYA CEBUS CONSTRUCTION, LLC, THE HARTFORD INSURANCE, ENDURANCE AMERICAN INSURANCE COMPANY d/b/a SOMPO INTERNATIONAL, 325 LAFAYETTE ASSOCIATES LLC, SLATE PROPERTY GROUP LLC, JOHN DOES 1-10 (said persons being unknown and fictitious) and ABC COMPANIES 1-10 (said entities being unknown and fictitious),<br><br>Defendants. | Case No. 1-24-1935-PAE<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Colony Insurance Company ("Colony") by and through its attorneys Methfessel & Werbel, P.C., and by way of this First Amended Complaint for Declaratory Relief against the defendants Oz Solutions ("Oz"), Oren Ziv ("Ziv"), Danya Cebus Construction, LLC ("Danya Cebus"), The Hartford Insurance ("Hartford"), Endurance American Insurance Company d/b/a Sompo International ("Endurance American"), 325 Lafayette Associates LLC ("325 Lafayette"), Slate Property Group LLC

("Slate"), John Does 1-10 and ABC Companies 1-10, hereby alleges as follows:

**NATURE OF ACTION**

1. Colony seeks a declaration pursuant to 28 U.S.C. Section 2201(a) rescinding the policies of insurance issued by it to Oz under Policy Number 103 GL 0015153-00 with a policy period of August 12, 2016 to August 12, 2017 and Policy Number 103 GL 0015153-01 with a policy period of August 12, 2017 to August 12, 2018 and finding same to be *void ab initio* to the date of inception of both policies.

2. Colony further seeks a declaration that it has no obligation to defend or indemnify defendants Oz, Ziv, and Danya Cebus for the claims asserted in the action filed in the Supreme Court of the State of New York, County of New York, captioned 470 4th Avenue Fee Owner LLC v. Adam America, LLC, Danya Cebus Construction, LLC and 470 4th Avenue Investors, LLC., Index No. 656506/2018 (the "Underlying Action").

3. Colony also seeks a declaration that it has no obligation to defend or indemnify Oz for the claims asserted against it in the action filed in the Supreme Court of the State of New York, County of Kings, captioned Karen Pringle v. 325 Lafayette Associates LLC, et al., Index No. 502915/2018 ("Pringle Action").

4. In addition, Colony seeks a declaration that it did not have any obligation to defend or indemnify Oz for the claims asserted against it in the action filed in the Supreme Court of the State of New York, County

of Kings, captioned Sidney Oloughlin v. 470 4th Avenue Investors LLC, et al., Index No. 509005/2017 ("OLoughlin Action").

5. Colony also seeks to pierce the corporate veil and hold Ziv personally liable for damages caused by material misrepresentations and omissions of fact made by him in connection with Oz's liability insurance applications submitted to Colony for the policies at issue.

6. An actual controversy exists between Colony, Oz, Ziv, Danya Cebus, Hartford Endurance American, 325 Lafayette, and Slate concerning the parties' respective rights and obligations under certain policies of insurance in connection with the Underlying Action, Pringle Action and OLoughlin Action.

**THE PARTIES**

7. Colony is a Nebraska corporation having its principal place of business in Illinois.

8. Upon information and belief, Oz is a New York corporation having its principal place of business in New York.

9. Upon information and belief, Ziv is a citizen and resident of New York and, at all relevant times herein, served as the sole owner and President of Oz.

10. Upon information and belief, Danya Cebus is a New York corporation having its principal place of business in New York.

11. Upon information and belief, Hartford is a Connecticut corporation having its principal place of business in Connecticut and is named as an interested party.

12. Upon information and belief, Endurance American is a Delaware corporation having its principal place of business in New York and is named as an interested party.

13. Upon information and belief, 325 Lafayette is a New York corporation having its principal place of business in New York and is named as an interested party.

14. Upon information and belief, Slate is a New York corporation having its principal place of business in New York and is named as an interested party.

15. John Does 1-10 and ABC Companies 1-10 are currently unknown individuals and entities who may be an interested party to this matter, including but not limited to insurance companies who are or may have an obligation to defend Oz. Ziv and Danya Cebus in the Underlying Action.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. Section 1332 because there is complete diversity of citizenship between Colony (a citizen of Nebraska) and all the defendants and the amount in controversy exceeds $75,000 exclusive of costs.

17. Venue is proper in this district under 28 U.S.C. Section 1391(b)(1) because, upon information and belief, Oz and Danya Cebus are residents of the Southern District of New York, and under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Southern District of New York.

## BACKGROUND

### Insurance Policies

18. On or about June 3, 2016, Oz signed an application for insurance ("June 2016 Application"), wherein Oz described its operations as "Debris Removal on New + Renovated Condo Clean Up Post Construction Work – Also Other [Yard] Janitorial Work on Condos".

19. Throughout the June 2016 Application, when asked what its involvement was with residential construction, Oz stated "Debris Removal After Construction" or "Debris Removal Only".

20. Further, when asked in the June 2016 Application whether any of its employees or subcontractors performed certain types of work, Oz answered "N/A – Not Performed" to various types of work including Concrete, Drilling, Excavation, and Demolition.

21. On August 12, 2016, Oz signed and dated an Acord Commercial Insurance Application ("August 2016 Application") which stated, "Description of primary operations: janitorial clean up of debris at construction sites. Removes cardboard & sheet rock left behind by

contractors after the job is complete. Sweeps, dusts and vacuumms [sic] for tenant moving in."

22. Relying on the representations in the June 2016 Application and August 2016 Application, Colony issued Policy Number 103 GL 0015153-00 to Oz with a policy period of August 12, 2016 to August 12, 2017 ("2016 Policy").

23. The 2016 Policy described Oz's Business Description as "Janitorial Clean Up Service".

24. On or about August 8, 2017, Oz signed a Supplemental Application ("Supplemental 2017 Application") wherein it described its Operations as "Cleanup of debris at construction sites."

25. In the Supplemental 2017 Application, Oz further stated that its operations did not involve Demolition or Drilling.

26. On or about August 8, 2017, Oz also signed an Acord General Liability Application ("Acord 2017 Application) wherein Oz stated that its Classifications under the Schedule of Hazards included "Debris Removal construction sites" and "Janitorai [sic] clean up at construction sites". (The "June 2016 Application", "August 2016 Application", "Supplemental 2017 Application" and "Acord 2017 Application" collectively referred to as "Oz Insurance Applications").

27. Relying on the representations in the Supplemental 2017 Application and Acord 2017 Application as well as the representations in the June 2016 Application and August 2016 Application, Colony issued a

renewal policy, Policy Number 103 GL 0015153-01 to Oz, with a policy period of August 12, 2017 to August 12, 2018 ("2017 Policy").

28. The 2017 Policy also described Oz's Business Description as "Janitorial Clean Up Service".

29. Upon information and belief, Ziv provided the information contained in the 2016 Application, August 2016 Application, the Supplemental 2017 Application and Accord 2017 Application on behalf of Oz.

30. Upon information and belief, Ziv signed some or all of the applications on behalf of Oz.

31. The 2017 Policy was cancelled effective March 22, 2018 due to Oz going out of business.

**Underlying Action**

32. On or about December 31, 2018, 470 4th Avenue Fee Owner, LLC ("Owner") filed the Underlying Action asserting claims of construction defect involving the construction and sale of a 12-story mixed-use building in Brooklyn, New York ("Property"). Plaintiff filed suit against Adam America, LLC (developer), Danya Cebus (general contractor) and 470 4th Avenue Investors, LLC.

33. Danya Cebus filed several third-party actions against the various contractors retained by Danya Cebus to perform work at the Property, including Oz, seeking contractual indemnification, contribution,

common-law indemnification, and breach of contract (for failure to procure insurance).

34. Both Oz and Danya Cebus tendered a request for defense and indemnification to Colony for the claims asserted by the Owner against them in the Underlying Action.

35. Colony, subject to a Reservations of Rights, agreed to afford a defense to Oz and Ziv in the Underlying Action.

36. Colony, subject to a Reservations of Rights, agreed to afford a defense to Danya Cebus in the Underlying Action.

37. Colony has incurred certain fees and costs in defending Oz, Ziv and Danya Cebus in the Underlying Action.

**Pringle Action**

38. On or about May 18, 2018, Karen Pringle filed the Pringle Action against 325 Lafayette and Slate alleging she suffered personal injuries while working as an employee of Oz during the construction at 325 Lafayette Avenue in Kings County, New York.

39. On February 26, 2019, 325 Lafayette and Slate filed a Third Party Complaint against Britt Realty LLC and Oz seeking contractual indemnification and breach of contract (for failure to procure insurance).

40. Oz tendered a request for defense and indemnification to Colony for the claims asserted against it in the Pringle Action.

41. Colony, subject to a Reservations of Rights, agreed to afford a defense to Oz in the Pringle Action.

**OLoughlin Action**

42. On or about May 5, 2017, Sidney OLoughlin filed the OLoughlin Action against 470th 4th Avenue Investors LLC and Danyan Construction Corp. alleging he suffered personal injuries when he fell from a height/ladder during construction at 237 11th Street, Kings County, New York.

43. On or about September 13, 2017, 470th 4th Avenue Investors LLC filed a Third Party Complaint against Oz seeking contractual indemnification, common law indemnification, contribution, and breach of contract (for failure to procure insurance).

44. Oz tendered a request for defense and indemnification to Colony for the claims asserted against it in the OLoughlin Action.

45. Colony, subject to a Reservation of Rights, agreed to afford a defense to Oz in the OLoughlin Action.

46. Pursuant to the Reservation of Rights, Colony also indemnified Oz in the OLoughlin Action.

**Discovery in the Underlying Action**

47. During the course of the Underlying Action, it was discovered that Oz had contracted with Danya Cebus under a "temporary staffing agreement" to provide OSHA-certified temporary laborers to work at the Property.

48. One of the allegations in the Underlying Action was the Property suffered damage due to water infiltration relating to the

installation of the packaged thru-wall air conditioners (PTACs), including: (1) improper pitching of the PTAC sleeves by the framing contractor; (2) failure to properly seal the PTAC sleeves; (3) modification of the PTAC louvers.

49. It is further alleged Danya Cebus used employees provided by Oz to cut the PTAC louvers.

50. Ziv, owner/principal of Oz, was deposed in the Underlying Action and testified that Oz employees: a) built the fence and gate around the Property; b) operated a bobcat; c) operated a jackhammer; d) cut concrete walls that were not poured in the right location; e) core drilling for the plumber who put the sleeves in the wrong location; f) and "plenty of other stuff".

51. Further, Ziv testified that it was likely Oz employees had been involved in cutting the louvers for the PTACs at the Property.

52. However, this was not the first time Oz employees had cut PTAC louvers, as Oz employees had cut PTAC louvers at previous projects.

53. Ultimately, according to Ziv, Oz employees were to do "whatever Danya Cebus asked them to do."

54. Ziv testified that he started Oz in 2014 and that the company's business address was 130 Post Avenue, Westbury, New York.

55. Ziv did not have a document retention policy for the company and did not maintain personnel files for employees.

56. Ziv dissolved the company in 2018.

57. Ziv subsequently created another company, BH Logistics, which operated out of the 130 Post Avenue office, and performed residential renovation and construction.

**Material Misrepresentation**

58. If Oz disclosed in the Oz Insurance Applications that it was a construction "employee leasing agency", Colony would not have issued a policy to Oz, would not have issued the same 2016 Policy and 2017 Policy to Oz, and/or would have charged a higher premium for the 2016 Policy and 2017 Policy.

59. If Oz disclosed in the Oz Insurance Applications that in addition to debris removal and janitorial cleanup, its employees operated bobcats, cut concrete, drilled into concrete, cut PTAC louvers and did whatever was asked of them, Colony would not have issued a policy to Oz, would not have issued the same 2016 Policy and 2017 Policy to Oz, and/or would have charged a higher premium for the 2016 Policy and 2017 Policy.

**COUNT I**

**(Rescission of 2016 Policy issued to Oz)**

60. Colony repeats and reiterates Paragraph 1-59 above as if set forth at length herein.

61. Oz signed the June 2016 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

62. Oz signed the August 2016 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

63. Thereafter, relying on the June 2016 Application and August 2016 Application, Colony issued the 2016 Policy.

64. Oz made material misrepresentations and/or failed to disclose pertinent information on its applications for the 2016 Policy that had Colony known of the facts misrepresented or undisclosed pertinent information, Colony would have refused to enter into a contract with Oz and thus, not issue the 2016 Policy, or in the alternative, charged a higher premium for the 2016 Policy or issued a different policy.

65. Colony is entitled to rescission of the 2016 policy rendering same *void ab initio*.

**WHEREFORE**, the plaintiff Colony Insurance Company demands judgment as follows:

a. Adjudicating the rights between the parties;

b. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017, issued by it to the defendant Oz Solutions *void ab initio*;

c. Declaring the Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017 issued by the plaintiff to the defendant Oz Solutions provides no coverage for claims

asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

d. Declaring plaintiff has no duty to defend or indemnify the defendant Oz Solutions and Oren Ziv in the Underlying Action ,may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action, recover all fees and expenses incurred in defending Oz Solutions and Oren Ziv in the Underlying Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the Underlying Action from Oz Solutions and/or Oren Ziv;

e. Declaring plaintiff has no duty to defend or indemnify Oz Solutions in the Pringle Action, may terminate its defense of Oz Solutions in the Pringle Action, recover all fees and expenses incurred in defending Oz Solutions in the Pringle Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the Pringle Action from Oz Solutions and/or Oren Ziv;

f. Declaring plaintiff had no duty to defend or indemnify Oz Solutions in the OLoughlin Action, recover all fees and expenses incurred in defending Oz Solutions in the OLoughlin Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the OLoughlin Action from Oz Solutions and/or Oren Ziv;

g. Declaring plaintiff has no duty to defend or indemnify defendant Danya Cebus Construction, LLC in the Underlying Action;

h. Awarding attorney’s fees and costs; and

i. Granting such other relief as the Court may deem equitable and just.

**COUNT II**

**(Rescission of 2017 Policy issued to Oz)**

66. Colony repeats and reiterates Paragraphs 1-65 above as if set forth at length herein.

67. Oz signed the Supplemental 2017 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

68. Oz signed the Acord 2017 Application, wherein it made material misrepresentations and/or failed to disclose certain material information.

69. Thereafter, relying on the Supplemental 2017 Application, the Acord 2017 Application and the prior applications signed by Oz, Colony issued the 2017 Policy to Oz.

70. Oz made material misrepresentations and/or failed to disclose pertinent information on its applications for the 2017 Policy that had Colony known of the facts misrepresented or undisclosed pertinent information, Colony would have refused to enter into a contract with Oz and thus, not issue the 2017 Policy, or in the alternative, charged a higher premium for the 2017 Policy or issued a different policy.

71. Colony is entitled to rescission of the 2017 Policy rendering same *void ab initio*.

**WHEREFORE**, the plaintiff Colony Insurance Company demands judgment as follows:

a. Adjudicating the rights between the parties;

b. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by it to the defendant Oz Solutions *void ab initio*;

c. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by the plaintiff to the defendant Oz Solutions provides no coverage for the claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

d. Declaring plaintiff has no duty to defend or indemnify the defendant Oz Solutions and Oren Ziv in the Underlying Action, may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action, recover all fees and expenses incurred in defending Oz Solutions and Oren Ziv in the Underlying Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the Underlying Action from Oz Solutions and/or Oren Ziv;

e. Declaring plaintiff has no duty to defend or indemnify Oz Solutions in the Pringle Action, may terminate its defense of Oz Solutions in the Pringle Action, recover all fees and expenses incurred in defending Oz Solutions in the Pringle Action from Oz Solutions and/or Oren Ziv, and

recover any indemnity payments made on behalf of Oz Solutions in the Pringle Action from Oz Solutions and/or Oren Ziv;

f. Declaring plaintiff had no duty to defend or indemnify Oz Solutions in the OLoughlin Action, recover all fees and expenses incurred in defending Oz Solutions in the OLoughlin Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the OLoughlin Action from Oz Solutions and/or Oren Ziv;

g. Declaring plaintiff has no duty to defend or indemnify the defendant Danya Cebus Construction, LLC in the Underlying Action;

h. Awarding attorney's fees and costs; and

i. Granting such other relief as the Court may deem equitable and just.

## **COUNT III**

## **Fraud and Piercing the Corporate Veil as to Ziv**

72. Colony repeats and reiterates Paragraphs 1-71 above as if set forth at length herein.

73. Ziv was the sole owner and President of Oz.

74. Upon information and belief, Ziv incorporated Oz in 2014 and discontinued the business in 2018.

75. Upon information and belief, Oz was a mere instrumentality and alter ego of Ziv, and the two operated as a single economic entity with a complete alignment of interest.

76. Upon information and belief, Oz was a closely held entity that did not follow or employ corporate formalities including maintaining employee files or utilizing a document retention policy.

77. Upon information and belief, Ziv exercised complete domination and control over Oz to advance his financial interests, particularly in respect to the project at issue.

78. Upon information and belief, Ziv entered into the "temporary staffing agreement" with Danya Cebus for the work performed on the project at issue.

79. Upon information and belief, Ziv provided, on behalf of Oz, the information contained in the 2016 Application, August 2016 Application, the Supplemental 2017 Application and Accord 2017 Applications which were submitted to Colony for the policies at issue.

80. Upon information and belief, Ziv signed some or all of the applications on behalf of Oz.

81. Ziv made certain misrepresentations to Colony as to the scope and type of work performed by Oz for the purpose of obtaining liability insurance from Colony.

82. Ziv knew that the information he provided as to the scope and type of work performed by Oz on the insurance applications was false and that Colony would rely on such information in determining whether to issue liability insurance to Oz and what the extent and cost of such insurance would be.

83. Ziv knew that the type and scope of work performed by Oz, including on the project at issue, differed materially from that represented to Colony in the insurance applications, and that such work posed different and more significant liability risks.

84. Ziv's domination of Oz was used to mislead and/or deceive Colony as to the type of work performed by Oz and the potential risks involved with such work. These factors were relevant to the scope and cost of the insurance coverage provided to Oz by Colony.

85. Colony relied on the misrepresentations and false information provided by Ziv on the insurance applications, to its detriment.

86. Ziv is personally responsible for making the material misrepresentations and/or failing to disclose pertinent information concerning Oz's business and work on the insurance applications submitted to Colony.

87. Upon information and belief, Ziv discontinued Oz's business after the project at issue was completed and the underlying plaintiff had made construction defect claims.

88. Upon information and belief, Ziv subsequently formed another construction company that operated at the same business address as Oz.

89. Upon information and belief, Oz is no longer a viable business entity in New York and has no assets to satisfy the company's liabilities.

90. Ziv should not be permitted to evade liability by hiding behind a corporate veil, since he directly and individually caused the harm to Colony at issue.

91. As a direct and proximate result of Ziv's material misrepresentations and/or failures to disclose pertinent information concerning Oz's business and work on the insurance applications, Colony issued liability policies to Oz that it would have refused to issue or in the alternative, charged a higher premium or issued a different policy.

92. As a direct and proximate result of Ziv's material misrepresentations and/or failures to disclose pertinent information concerning Oz's business and work on the insurance applications, Colony has sustained damages including, but not limited to, having to pay fees and costs in the Underlying Action, Pringle Action and Oloughlin Action and indemnity under a policy or policies that would not have been issued but for Ziv and Oz's material misrepresentations.

93. Accordingly, Ziv should not be protected by the corporate veil and should be found personally liable for the damages sought by Colony.

**WHEREFORE**, the plaintiff Colony Insurance Company demands judgment as follows:

a. Adjudicating the rights between the parties;

b. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by it to the defendant Oz Solutions *void ab initio*;

c. Declaring Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued by the plaintiff to the defendant Oz Solutions provides no coverage for the claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

d. Declaring plaintiff has no duty to defend or indemnify the defendant Oz Solutions and Oren Ziv in the Underlying Action, may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action, recover all fees and expenses incurred in defending Oz Solutions and Oren Ziv in the Underlying Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the Underlying Action from Oz Solutions and/or Oren Ziv;

e. Declaring plaintiff has no duty to defend or indemnify Oz Solutions in the Pringle Action, may terminate its defense of Oz Solutions in the Pringle Action, recover all fees and expenses incurred in defending Oz Solutions in the Pringle Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the Pringle Action from Oz Solutions and/or Oren Ziv;

f. Declaring plaintiff had no duty to defend or indemnify Oz Solutions in the OLoughlin Action, recover all fees and expenses incurred in defending Oz Solutions in the OLoughlin Action from Oz Solutions and/or Oren Ziv, and recover any indemnity payments made on behalf of Oz Solutions in the OLoughlin Action from Oz Solutions and/or Oren Ziv;

g. Declaring plaintiff has no duty to defend or indemnify the defendant Danya Cebus Construction, LLC in the Underlying Action;

h. Awarding compensatory damages against Oren Ziv;

i. Awarding attorney's fees and costs; and

j. Granting such other relief as the Court may deem equitable and just.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Colony Insurance Company demands judgment and respectfully requests that this Court adjudge and declare the following:

a. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017, issued to defendant Oz Solutions to be *void ab initio*;

b. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2016 to August 12, 2017 issued by plaintiff to defendant Oz Solutions provides no coverage for claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

c. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018 issued to defendant Oz Solutions to be *void ab initio*;

d. Colony Insurance Company's Policy No. 103 GL 0015153-00 with effective dates of coverage from August 12, 2017 to August 12, 2018

issued by plaintiff to defendant Oz Solutions provides no coverage for the claims asserted against defendants Oz Solutions, Oren Ziv and Danya Cebus Construction, LLC in the Underlying Action;

e. Colony Insurance Company has no duty to defend or indemnify defendants Oz Solutions and Oren Ziv in the Underlying Action and may terminate its defense of Oz Solutions and Oren Ziv in the Underlying Action and recover defense fees and costs and indemnity it incurred in the Underlying Action from Oz Solutions and/or Oren Ziv;

f. Colony Insurance Company has no duty to defend or indemnify Oz Solutions in the Pringle Action and may terminate its defense of Oz Solutions in the Pringle Action and recover defense fees and costs and indemnity it incurred in the Pringle Action from Oz Solutions and/or Oren Ziv;

g. Colony Insurance Company had no duty to defend or indemnify Oz Solutions in the OLoughlin Action and recover defense fees and costs and indemnity it incurred in the Oloughlin Action from Oz Solutions and/or Oren Ziv;

h. Colony Insurance Company has no duty to defend or indemnify defendant Danya Cebus Construction, LLC in the Underlying Action;

i. Colony Insurance Company is entitled to compensatory damages against Oren Ziv;

j. Colony Insurance Company is entitled to attorney's fees and costs; and

k. Colony Insurance Company is entitled to such other relief as the Court may deem equitable and just.

DATED: NEW YORK, NEW YORK
April 11, 2025

**METHFESSEL & WERBEL, P.C.**
Attorneys for Plaintiff Colony Insurance Company

By:______________________________
Shaji M. Eapen
112 W. 34th St.
17th Floor, Room 17089
New York, New York 10120
(212) 947-1999
eapen@methwerb.com
94403 SME