

Peraino Malinowski LLP

Matthew C. Schwartz, Esq.
646-930-8653
matthew@pmlaw.nyc

May 28, 2025

**Via ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10017

Re:    *Colony Insurance Company v. Oz Solutions, et al.*
             <u>Case No. 24-cv-01935 (PAE)</u>

Dear Judge Engelmayer:

This firm represents Defendants OZ Solutions ("**OZ**") and Oren Ziv ("**Ziv**" and together with OZ, "**Defendants**") in the above-referenced matter. We write to request Plaintiff Colony Insurance Company's ("**Plaintiff**") discovery related motion filed on May 27, 2025 with opposition due three (3) days later, on Friday May 30, 2025 be held in abeyance until a pre-motion conference is held on Defendants' request to file a summary judgment motion on statute of limitations grounds.

There is no additional discovery that would be applicable to Defendants' summary judgment motion. It would be a waste of judicial resources and the parties' resources to proceed with discovery motions prior to the pre-motion conference and Defendants' motion for summary judgment on the basis that dismissal is warranted as there is no doubt that Plaintiff cannot prove that their claims are not barred by the applicable statute of limitations.

The notion that Plaintiff can proceed with frivolous discovery requests and motion practice seeking to harass Defendants and force Defendants to incur unnecessary legal expenses, while Defendant has to wait until August 13, 2025 to have a conference on Defendants' proposed motion is palpably unjust.

In the alternative, Defendants request permission to file a summary judgment motion by June 6, 2025, and hold Plaintiff's discovery motion in abeyance pending the result of Defendants' motion. It is highly prejudicial to force Defendants to engage in costly and meaningless discovery while this action cannot be legally maintained by Plaintiff.

Plaintiff is using the disclosure process to harass and unduly burden Defendants all while stripping Defendants of their rights to seek dismissal of this overtly untimely proceeding. Such conduct cannot and should not be allowed or condoned by this Honorable Court.

Thank you for your consideration of this matter.

                           Respectfully submitted,
                           /s/ Matthew C. Schwartz
                           Matthew C. Schwartz

cc (via ECF):   All Counsel of Record

The Court DENIES defendants' premature request to file a summary-judgment motion and/or to schedule a pre-motion conference prior to the close of fact discovery. Pursuant to the parties' amended case management plan and scheduling order entered by the Court on March 18, 2025, fact discovery closes on July 14, 2025. *See* Dkt. 93. Under the Court's Individual Rules, within two weeks after the close of fact discovery, the moving party must submit a letter via ECF, not to exceed three single-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards governing the claims at issue. Defendants may raise the statute-of-limitations defense, among other arguments, in their pre-motion letter letter. The opposing party shall respond similarly within one week. The case management conference scheduled for August 13, 2025, at 11:00 a.m. will serve as a pre-motion conference.

The Court will, as stated in its Order on May 21, 2025, *see* Dkt. 119, resolve the pending motion to compel on the papers. The Clerk of Court is respectfully directed to close the motions pending at Dockets 120 and 123.

SO ORDERED.

Paul A. Engelmay

PAUL A. ENGELMAYER
United States District Judge

Date: May 30, 2025