UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COLONY INSURANCE COMPANY,

                                        Plaintiff,

                    -v-

OZ SOLUTIONS *and* OREN ZIV,

                                        Defendants.

24 Civ. 1935 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

This order resolves a motion to compel filed by plaintiff Colony Insurance Company ("Colony") in connection with a discovery dispute. Colony brings this action against Oz Solutions and Oren Ziv (collectively, "defendants") seeking, through a declaratory judgment, recission of two insurance policies it issued to Oz Solutions. *See* Dkt. 36 ("First Amended Complaint" or "FAC") ¶ 1.[1] Colony claims that it issued two insurance policies to defendants based on fraudulent misrepresentations defendants made in their insurance applications. *Id.* ¶¶ 1, 67. The parties have engaged in preliminary discovery in anticipation of motions for summary judgment. *See* Dkts. 113, 125. Fact discovery is scheduled to end on July 14, 2025. Dkt. 113.

Before the Court is plaintiffs' May 27, 2025 motion to compel defendants to produce (1) business records and (2) answers to interrogatories, covering defendants' business dealings during the last 10 years. Dkt. 122 ("Pl. Mem."). On May 29, 2025, defendants opposed the motion. Dkt. 124 ("Def. Mem."). The parties cross-moved for discovery sanctions under Federal Rule of Civil Procedure 37(b). *See* Dkts. 122, 124. For the reasons that follow, the Court grants in part, and denies in part, the motion to compel, and denies the sanctions motions.

---

[1] Ziv is the owner and principal of Oz Solutions. *Id.* ¶ 50.

## I.    Background

The Court assumes familiarity with the background of this case.  In brief, in August 2016, Colony issued an insurance policy to Oz Solutions for the policy period August 12, 2016 to August 12, 2017 (the "2016 Policy").  *Id.* ¶ 22.  Colony alleges that, in issuing the policy, it relied upon representations made in defendants' insurance application that the policy was not intended to cover "concrete, drilling, excavation, and demolition" services, and that Oz Solutions performed "'debris removal after construction' or 'debris removal only.'"  *Id.* ¶¶ 19–20, 29 (capitalization altered).  The parties renewed the policy in August 2017, which extended insurance coverage to August 12, 2018 (the "2017 Policy").  *Id.* ¶¶ 24, 27.  The renewed policy similarly described Oz Solutions's operations as "cleanup of debris at construction sites"; consistent with this, Oz Solutions, in its 2017 application, "stated that its operations did not involve demolition or drilling."  *Id.* ¶¶ 24–25 (capitalization altered).

On or about December 31, 2018, a non-party, 470 4th Avenue Fee Owner, LLC, filed a state-court action against Oz Solutions for defects arising out of a contract in which Oz Solutions was to staff a construction project involving a mixed-use building in Brooklyn, New York. *Id.* ¶¶ 32, 47.  Colony here alleges that Oz Solutions's principal, Ziv, admitted during a state-court deposition that Oz Solutions, during the relevant policy period, had engaged in drilling and demolition activities that the company was not insured to perform.  *Id.* ¶¶ 50, 58–59.  The FAC states that, had Oz Solutions disclosed in applying for coverage that it intended to perform such activities, Oz Solutions "*would not* have issued a policy to Oz, would not have issued the same 2016 Policy and 2017 Policy to Oz, and/or would have charged a higher premium for the 2016 Policy and 2017 Policy."  *Id.* ¶ 59 (emphasis in original).  Colony thus seeks a declaratory judgment and recission of the insurance policies it issued to Oz Solutions during that period, and

a declaration that it has no obligation to defend or indemnify Oz Solutions in the underlying

state-court action.  *Id.* ¶ 65.

## II.    Discussion

### A.    Motion to Compel

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to

relevant information," "the importance of the discovery in resolving the issues," and "whether

the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

26(b)(1).  A matter is relevant if it encompasses "any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  The party seeking discovery

bears the burden of demonstrating its relevance.  *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360,

363 (S.D.N.Y. 2010).  "[R]elevance, for purposes of discovery, is an extremely broad concept."

*Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004).  Once relevance has been shown, it is up

to the responding party to justify curtailing discovery—for instance, based on undue burden.  *See*

*id.* at 106; *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2

(S.D.N.Y. Dec. 3, 2015) ("[T]he party resisting discovery has the burden of showing undue

burden or expense.").  District courts are vested with "wide discretion in the handling of pre-trial

discovery."  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (cleaned up).

At issue in this discovery dispute is whether defendants are compelled to produce

(1) business records and (2) answers to interrogatories, which, as germane here, relate to

defendants' business dealings over the last 10 years.  The following are representative of the

disputed demands:

1.  Identify all construction projects/sites where Oz Solutions provided services in the past ten (10) years;

2.  State the names, addresses, telephone numbers and email addresses of all persons who have knowledge of any relevant facts relating to the work or services performed by Oz Solution at any construction project/site listed above in Interrogatories #2 and/or #4;

3.  Set forth the amount of all payments received by Oz Solutions for the services and/or work provided at each construction project/site, and the dates of these payments;

4.  Set forth the name, address, telephone numbers and email addresses of each insurance agent, broker or insurance agency utilized by Oz Solutions for the placement of insurance coverage in the past ten (10) years;

5.  Copies of all invoices issued by Oz Solutions to any owner for any construction projects/sites in the past ten (10) years;

6.  Copies of all invoices issued by Oz Solutions to any general contractor or subcontractor for any construction projects/sites in the past ten (10) years;

7.  Copies of all contracts or agreements entered into between Oz Solutions and any owner of any construction project/sites in the past ten (10) years, including any amendments thereto;

8.  Copies of all contracts or agreements entered into between Oz Solutions and any general contractor or subcontractor for any construction project/sites in the past ten (10) years, including any amendments thereto;

9.  Copies of all construction daily reports for all construction projects/sites where Oz Solutions provided services to Danya Cebus including but not limited to 237 11th Street, Brooklyn, New York ("Property"); and

10.  Copies of all construction daily reports for all construction projects/sites where Oz Solutions provided services to any owner of any construction project/sites in the past ten (10) years.

11.  All federal and state tax returns filed for Oz Solutions, including all schedules and attachments;

12.  All contracts signed by Oz Solutions;

4

13.     All financial records and statements for Oz Solutions, including statements for all Oz Solutions' credit cards and any digital payment accounts including but not limited to PayPal, Zelle, Square and Venmo;

14.     Copies of all documents evidencing loans from Oz Solutions, including but not limited to any loans to Oren Ziv, any family member, relative, or friend of Oren Ziv or to any business affiliated with Oren Ziv; and

15.     Copies of all documents evidencing loans to Oz Solutions, including but not limited to any loans from Oren Ziv, loans from any family member, relative, or friend of Oren Ziv or any business affiliated with Oren Ziv.

Def. Mem. at 6–7.  Defendants object to such requests as overly broad and unduly burdensome to the extent that they cover a 10-year period, sweeping far beyond the two-year period in which the insurance policies at issue were in effect.  The Court agrees.

The claims at issue in this dispute center on whether defendants fraudulently misrepresented the services Oz Solutions rendered between August 2016 and August 2018, the two-year period in which the insurance policies that Colony issued covered.  Colony, however, does not even attempt to explain how 10 years' worth of the documents it demands—which concern "all construction projects, contracts, daily report logs, tax returns, loans, Venmo accounts, loans to family or friends, and lists of names of people involved or with knowledge of ten (10) years of unrelated construction projects for Policies which were in effect," Def. Mem. at 9—are relevant to whether defendants, during the two-year period covered by the policy, performed services outside those represented.  *See* FAC ¶¶ 19–20.  Such requests are overbroad. They are assuredly not "proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1); *see also O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2024 WL 4903722, at *2 (S.D.N.Y. Nov. 27, 2024) (plaintiff's request for documents dating back to period irrelevant to the dispute not "'reasonably calculated to lead to the discovery of admissible evidence'" and was 'thus overbroad'" (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991));

*JoySuds, LLC v. N.V. Labs, Inc.,* No. 22 Civ. 3781, 2024 WL 1929171, at *1 (S.D.N.Y. May 1, 2024) (denying motion to compel where document request was "overbroad," "not proportional to the needs of the case," and where "[p]laintiff has not proffered, let alone shown, relevance of these documents").

The Court accordingly denies the motion to the extent it seeks to compel records spanning a 10-year period. Plaintiff has not carried its burden of showing that such evidence "bears on, or [] reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund*, 437 U.S. at 351. The Court will, however, grant a narrowed version of the motion. Defendants are ordered to produce, to the extent relevant, all requested information dating one year before the 2016 Policy application and until the end of the 2017–18 policy period. The documents produced, thus limited, ought to be sufficient to enable Colony to test whether defendants (1) as of the time of the application, were engaged in lines of work outside those they represented or (2) engaged in such lines of work during the policy period. If, improbably, Colony has a good-faith basis to seek such discovery for an expanded time horizon, Colony is at liberty—provided it first meets and confers with defendants with respect to such a bid—to make a particularized showing how discrete materials outside the period authorized by the Court are relevant to the allegation that defendants made misstatements in their 2016 and 2017 insurance applications.

### B.    Motions for Sanctions

The parties cross-move for sanctions. *See* Dkts. 122, 124. Colony claims sanctions are warranted because defendants have failed to comply with outstanding discovery requests. *See* Pl. Mem. at 16. Defendants claims sanctions are warranted because Colony's discovery requests

are frivolous.  *See* Def. Mem. at 10.  The Court, upon review of the record, declines to impose sanctions at this time.

Rule 37(b)(2) provides that a court may impose sanctions against a party that "fails to obey an order to provide or permit discovery."  *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 6 Civ. 1202, 2013 WL 3718071, at *12 (S.D.N.Y. July 15, 2013) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132–33 (2d Cir. 1986)).  Sanctions may be granted against a party under Rule 37(b) if there is noncompliance with an order, "notwithstanding a lack of willfulness or bad faith, although such factors are relevant to the sanction to be imposed for the failure."  *Auscape Int'l v. Nat'l Geographic Soc'y*, 2 Civ. 6441, 2003 WL 134989 at *4 (S.D.N.Y. Jan. 17, 2003) (cleaned up)).  Additionally, the court must impose reasonable expenses and attorney's fees on the disobedient party "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

Defendants represent that, aside from the documents at issue in the motion resolved above, they have produced all documents in their possession responsive to plaintiffs' discovery demands, and will comply with the Court's order resolving the instant motion.  Def. Mem. at 9–10.  Given that representation, discovery sanctions against defendants are unwarranted at this time.  The Court expects defendants to produce expeditiously the documents compelled by this Order.  Defendants are to file an affidavit by Friday, June 13, 2025, attesting to having done so.

The Court similarly finds sanctions against plaintiff unwarranted.  Although plaintiffs' discovery demanded was overbroad and lacking any attempted justification, it was not so "baseless" as to be sanctionable.  *Dorchester Fin. Holdings Corp. v Banco BRJ, S.A.*, 11 Civ. 1529, 2014 WL 3747160, at *8 (SDNY July 3, 2014).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Colony's motion to compel. The Court orders defendants expeditiously to produce all relevant documents responsive to plaintiffs' discovery requests from the period beginning one year before the 2016 Policy application and extending until the end of the 2017–18 policy period. The Court denies both parties' motions for sanctions.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket 122.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: June 3, 2025
       New York, New York