UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COLONY INSURANCE COMPANY,

                                      Plaintiff,

-v-

OZ SOLUTIONS *and* OREN ZIV *et al.*,

                                      Defendants.

24 Civ. 1935 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Before the Court is an unopposed motion by Houston Casualty Company ("HCC") to intervene as of right in this insurance action brought by plaintiff Colony Insurance Company ("Colony") against Oz Solutions and Oren Ziv (collectively, "defendants"). Dkt. 132 ("HCC Br."). For the reasons that follow, the motion is granted.

    The Court assumes familiarity with the background of this case. In short, Colony seeks, through a declaratory judgment, recission of two insurance policies it issued to Oz Solutions. *See* Dkt. 99 ("Amended Complaint" or "AC") ¶ 1. Colony claims it issued two insurance policies to defendants based on fraudulent misrepresentations defendants made in their insurance applications. *Id.* ¶¶ 1, 67. The parties have engaged in preliminary discovery in anticipation of motions for summary judgment. *See* Dkts. 125, 144. Fact discovery is scheduled to end on October 17, 2025. Dkt. 144.

    HCC seeks to intervene on the ground that rescission of the policies Colony issued to Oz Solutions (the "Colony Policy") would directly impact HCC's rights under that policy. HCC Br. at 1. Salient here, the Colony Policy provides that coverage extends to

> [a]ll persons or organizations as required by written contract with the Named Insured [here, Oz Solutions] . . . but only with respect to liability for "bodily injury,"

1

'property damage' or 'personal and advertising injury' caused, in whole or in part, by: (1) [Oz Solutions's] acts or omissions; or (2) [t]he acts or omissions of those acting on [Oz Solutions's] behalf.

*Id.* at 3. HCC, it asserts, qualifies as an "additional insured" under the Colony Policy and is thus entitled to intervene as of right in order to protect its interests. *See id.*

Under Federal Rule of Civil Procedure Rule 24(a)(2), a party may intervene as of right under if it: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests; and (4) has an interest not adequately represented by the other parties." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

HCC has satisfied each requirement. To begin with, its motion is timely. The timeliness requirement, in the Rule 24(a)(2) context, is "flexible" and "entrusted to the district court's sound discretion." *CWCapital Cobalt Vr Ltd. v. U.S. Bank Nat'l Ass'n*, 790 F. App'x 260, 263 (2d Cir. 2019) (quoting *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014)). Relevant considerations include "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Pitney Bowes, Inc.*, 25 F.3d at 70. Here, HCC filed its motion less than two months after it received notice of the action—well before the close of fact discovery—and neither party argues that it will be prejudiced by HCC's entry. The intervention motion was thus timely. *See, e.g., Kosachuk v. Selective Advisors Grp., LLC*, No. 19 Civ. 4844, 2019 WL 4014730, at *1 (S.D.N.Y. Aug. 26, 2019) (intervention motion timely

2

when filed "less than three months" after third party was notified); *Olin Corp.*, 325 F.R.D. at 88 (similar) (collecting cases).

Second, HCC asserts a substantial and legally protectible interest in this litigation, such that its inability to join this litigation would impair that interest. *See Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) ("[W]e have stated that, for an interest to be cognizable under Rule 24(a)(2), it must be direct, substantial, and legally protectable." (citation omitted)); *see also id.* at 132 (finding third requirement satisfied "for the same reasons" as the second prong). HCC, as is undisputed, qualifies as an "additional insured" under the terms of the Colony Policy; accordingly, were the Court to issue a declaratory judgment ordering rescission of the Policy, HCC's coverage under that Policy would be directly implicated. *See, e.g., Golden Ins. Co. v. PCF State Restorations, Inc.*, No. 17 Civ. 5390, 2018 WL 10593630, at *4 (S.D.N.Y. May 11, 2018) (third-party insurer had "a clear economic interest" in intervening in insurance dispute where "declar[ing] the policy void *ab initio*" would directly implicate its coverage under that policy); *Certified Multi-Media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp. LLC*, 2015 WL 5676786, at *5–6 (E.D.N.Y. Sept. 24, 2015) (similar). HCC here explains that

> HCC will face significant exposure if the Colony Policy is rescinded. HCC could not seek coverage on behalf of the HCC Insureds if the 2016 Colony Policy is rescinded, foreclosing any rights or remedies to HCC thereunder. Thus, HCC would potentially be forced to bear the cost of defense and indemnity for the HCC Insureds for [an underlying state-court action].

HCC Br. at 8. HCC's "clear economic interest" in securing coverage under the Colony Policy easily qualifies as substantial and legally protectible. *Golden Ins. Co.*, 2018 WL 10593630, at *4. And denying intervention would substantially impair HCC's ability to vindicate that

3

interest. *See id.* at *6 (third prong satisfied where its claim "could be compromised" by the outcome of the litigation).

Finally, HCC properly alleges that existing defendants will not adequately protect its interests. *See Payne v. City of New York*, 27 F.4th 792, 803 (2d Cir. 2022) ("Intervention under Rule 24(a)(2) is warranted when there is 'sufficient doubt about the adequacy of representation.'"); *see also Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). "This requirement is satisfied if the applicant shows that representation . . . 'may be' inadequate; and the burden of making that showing should be treated as minimal'" *Id.* (quoting *Trbovich* at 538 n.10). HCC argues that Oz Solutions cannot adequately protect its interests insofar as Oz Solutions "has been out of business since approximately March 2018" and "may have little to lose through an adverse judgment in this action, as doubts conceivably surround the extent of assets it has available to satisfy an adverse judgment in the [underlying state-court action]." HCC Br. at 9–10. Oz Solutions has not disputed that representation. There is, therefore, a reasonable basis upon which to credit HCC's assertion that intervention is necessary in order to adequately protect its interests. *See id.*

## CONCLUSION

The Court grants HCC's unopposed motion to intervene in this lawsuit. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 132.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 14, 2025
    New York, New York

4