UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLONY INSURANCE CO.,

                        Plaintiff,                          24 Civ. 1935

              -v-
                                                            ORDER
OZ SOLUTIONS *et al.*,

                        Defendants.

PAUL A. ENGELMAYER, District Judge:

On December 23, 2025, plaintiff Colony Insurance Company ("Colony") asked the Court

to approve a subpoena *duces tecum* to Google, Inc. to obtain records from the Gmail account

associated with defendant Oren Ziv.  Dkt. 117.  The proposed subpoena seeks, from the period of

August 12, 2015 to August 12, 2018, the following information:

1. All google account records associated with, owned, and operated by, and or created by Oren Ziv, as identified above or in association with said email address.
2. All calendars, email, communications, chat records, posts, reviews, statements, payments, account records, or the like (associated with above email address or any of the above requested associated with Oren Ziv).
3. All account information/documentation.
4. Any and all email(s) content including email correspondence whether they be in email identified as and or categorized in the following common email folders: a. Inbox; b. Sent; c. Snoozed; d. Important; e. Drafts; f. Spam; g. Junk; h. Composed; i. Or the like, including but not limited to deleted emails that were sent or received during the time period identified above and if deleted, when such emails were deleted.
5. All identifying/contact information regarding creation of the account associated with said email address including but not limited to personal information of creator/owner of said email account, payment information, operational use, username(s) password(s), Gmail, google drive, etc.
6. All email addresses and google accounts associated with the above person, Oren Ziv.

*Id.*

On December 23, 2025, defendants Oz Solutions and Ziv opposed the request, arguing that the subpoena is "not limited to the facts at issue in this action," which relates to defendants' alleged misrepresentations in insurance policy applications. Dkt. 178. That same day, Colony responded, arguing that Ziv's emails during the period from 2015–2018 are "highly relevant and proportional to the issue of whether Mr. Ziv and Oz Solutions committed fraud and made material misrepresentations when it applied for insurance." Dkt. 179.

There are assuredly materials from Ziv's Gmail account that are properly obtained by Colony, but even a cursory review of its proposed subpoena reveals its overbreadth. *See, e.g.*, *Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 294 (S.D.N.Y. 2024) (collecting cases finding requests for "any and all" documents "plainly overbroad and impermissible"). Accordingly, the Court DENIES Colony's motion without prejudice. To the extent that Colony seeks authorization to propound a streamlined subpoena, any future such request, consistent with Federal Rule of Civil Procedure 26, should seek only records that are "relevant" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court also reminds the parties of their obligation, under the Court's Individual Rules, to meet and confer before raising a discovery dispute with the Court, including disputes involving the scope of a proposed subpoena. The Court is mindful that the parties have brought multiple discovery disputes to it for resolution, reflecting what appears to be an uncommon inability to resolve quotidian disputes collegially. The Court asks counsel to try harder to resolve such issues themselves.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: December 29, 2025
    New York, New York

2